■ Jose Andino, Jr., an Infant, by His Mother and Natural Guardian, Magalie Loubriel, et al., Respondents, v City of New York, Respondent, and Cosmopolitan Building Maintenance Corporation, Appellant. (And a Third-Party Action.) [606 NYS2d 620] —Order, Supreme Court, Bronx County (Lewis Friedman, J.), entered on or about April 6, 1992, which, *inter alia,* denied defendant and third-party defendant Cosmopolitan Building Maintenance Corporation's motion for summary judgment dismissing the complaint and third-party complaint, unanimously affirmed, without costs.

Plaintiff, a resident of a building owned by the City and managed through its Department of Housing Preservation and Development (HPD), alleges that he was injured when a portion of his bedroom ceiling collapsed on him. Plaintiff's guardian testified that she reported the defective condition of the ceiling to the building's superintendent, an employee of defendant Cosmopolitan, but that he failed to remedy the condition.

Despite testimony suggesting that the building superintendent reported directly to HPD, and that Cosmopolitan performed no service other than providing employees and administering wages and benefits in a manner akin to a payroll service, we reject Cosmopolitan's argument that its employees are "special employees" of HPD. The contract between HPD and Cosmopolitan provided that Cosmopolitan, as "contractor", would "provide superintendent services to all of the buildings managed by HPD" as specified in the contract, purchase supplies and materials "as may be required by

HPD", and "perform emergency maintenance, repair, sealing, demolition and other similar or related activities required by HPD". Cosmopolitan was responsible for the payment of all wages and benefits, and it was specifically provided that "all personnel employed or engaged by the contractor for any purpose are to be exclusively servants of the contractor and not for any purpose or in any manner be in the employment of HPD or the City". Cosmopolitan also agreed to indemnify HPD, and to maintain insurance for its benefit. Clearly, the tenor of the contract, including its insurance and indemnity provisions, was to allocate all responsibility for loss caused by the negligence of building personnel to Cosmopolitan. Concur —Murphy, P. J., Rosenberger, Ross and Nardelli, JJ.